OPINION OF THE COURT
Per Curiam.
Order entered May 17, 2006, reversed, with $10 costs, and tenant’s motion denied. Execution of the warrant shall be stayed for 30 days from the service of a copy of this order with notice of entry.
Tenant repeatedly failed to comply with the unambiguous payment terms of no fewer than four so-ordered stipulations executed in settlement of the underlying chronic rent delinquency holdover proceeding. A further (fifth) stay of execution of the warrant of eviction was unwarranted (see Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]), in view of tenant’s extensive history of rent defaults, both prior to and during the pendency of this proceeding, and his failure to offer a credible explanation for his most recent payment default — that relating to the April 2007 rent — a lapse which appropriately prompted the motion court to question “the veracity of this situation.” The forbearance initially shown by landlord in enforcing the strict letter of the payment provisions agreed upon by the parties did not confer upon tenant a license to ignore his rent responsibilities with impunity or to make continuous delinquency a litigation strategy
McKeon, P.J., McCooe and Davis, JJ., concur.